**STATE of Tennessee ex rel., COMMISSIONER OF TRANSPORTATION, Appellant,**

v.

**David EDMONDS and wife, Phyllis Edmonds, Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 4, 1981.

Application for Permission to Appeal Denied by Supreme Court April 13, 1981.

**382**

Robert J. Ames, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, W. Buford Lewallen, Knoxville, for appellant.

George H. Buxton, III, Buxton, Lain & Buxton, Oak Ridge, for appellees.

## OPINION

PARROTT, Presiding Judge.

The State of Tennessee appeals the trial judge's award of moving expenses for equipment, fixtures, and inventory to defendant property owner in a condemnation case.

In this eminent domain case the defendant homeowners did not contest the right of the State to take, but only contested the amount of compensation offered. At a trial by jury in circuit court, a verdict was returned for the land and value of improvements of $223,000.00, for incidental damages of $500.00 and for moving costs to be incurred on equipment, fixtures, and inventory of $6,250.00. Shortly after the trial, prior to anything being moved or final judgment being entered, all the equipment, fixtures, and inventory were completely destroyed by fire. The State's motion for remittitur to reduce the judgment in the amount of $6,250.00, because the moving expenses would not be incurred, was denied by the trial judge.

Appellant contends the property owner should not be awarded moving expenses which are incapable of ever being incurred when that fact is known prior to the judgment becoming final. T.C.A. 29–16–114 (formerly T.C.A. 23–1414), in part, provides for incidental damages for personal property moving expenses:

Whenever any person, agency, or other entity acquired interest in any parcel of real property and such acquisition requires the removal of furniture, household belongings, fixtures, equipment, machinery, or stock in trade of any person in rightful possession, regardless of whether such person has a legal interest in said property, the reasonable expense of the removal shall be considered in assessing incidental damages.

After a review of Tennessee cases which applied the preceding statute, the Tennessee Supreme Court, in *State ex rel. Smith v. Overstreet*, 533 S.W.2d 283, 289 (Tenn.1976), stated: "It is apparent from these cases that the Tennessee statute permits recovery only of moving expenses which have actually been incurred at the date of trial or which can be shown by testimony to be reasonably necessary in the future and which can be accurately estimated by such testimony." In *Overstreet*, the property owner was denied recovery of moving expenses to his new location since he opted to sell his lumber supply on site rather than to move it to that new location. Furthermore, the Supreme Court held that the *Overstreet* "trial judge was in error in permitting evidence to be considered by the jury as to estimated removal costs which were never actually incurred and which in fact never will be incurred." *Supra* at 290. The Supreme Court has previously stated the policy that "[i]t should be made affirmatively to appear that the property owner receives the full cost of removal or replacement, but no more than the full cost of removal or replacement." *Memphis Housing Authority v. Memphis Steam Laundry-Cleaner, Inc.*, 225 Tenn. 46, 463 S.W.2d 677, 680 (1971). Since prior to the entering of final judgment in this case it was established as a matter of fact that, due to the total destruction of the goods by fire, moving expenses could not be "reasonably necessary in the future," the trial judge erred in not granting a remittitur of the award given to cover those moving expenses.

The portion of the trial court's judgment granting appellee $6,250.00 for moving expenses is vacated. Let the costs of this

cause be taxed one-half to appellant and one-half to appellee.

SANDERS and FRANKS, JJ., concur.