IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June, 2000 Session

## METROPOLITAN DEVELOPMENT AND HOUSING AGENCY v. TRINITY MARINE NASHVILLE, INC.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 97C-1469      Barbara N. Haynes, Judge**

**No. M1999-02162-COA-R3-CV - Filed July 21, 2000**

In this eminent domain condemnation proceeding, the Trial Court granted partial summary judgment to the condemnor on the amount of relocation expenses to be awarded the property owner as incidental damages based upon deposition testimony of an officer of the property owner. The property owner argues on appeal that summary judgment is improper in condemnation proceedings, and that the Trial Court erred in excluding from incidental damages amounts for a "burden rate" the property owner added to its actual hourly labor costs incurred in relocating from the condemned property. As the issue is a question of law and there are no questions of disputed material fact, summary judgment is appropriate. As the "burden rate" claimed by the property owner is not recoverable under the applicable statute, the judgment of the Trial Court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; and Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Clark H. Tidwell and Michael J. Passino, Nashville, Tennessee, for the appellant, Trinity Marine Nashville, Inc.

George H. Nolan, Nashville, Tennessee, for the appellee, Metropolitan Development and Housing Agency.

**OPINION**

**Background**

As part of the process of bringing a National Football League franchise to Nashville,

it was determined that a stadium be constructed. To obtain land suitable to this purpose, the Metropolitan Development and Housing Agency ("Plaintiff") on May 7, 1997 filed a petition for condemnation of a parcel of property located on the bank of the Cumberland River. That property was owned by Trinity Marine Nashville, Inc. ("Defendant"), a Delaware corporation with its principal place of business in Davidson County, Tennessee. On June 27, 1997 Defendant filed its answer to the condemnation petition, averring that the amounts of $3,350,000.00 for acquisition of its property and $1,000,000.00 for relocation expenses stated in the petition were inadequate to compensate Defendant for the taking. Defendant also demanded a jury of view under T.C.A. § 29-16-101, et seq.

By order of possession and condemnation filed July 7, 1997, the Trial Court found that Plaintiff had legal authority to acquire the property by eminent domain, that the proper procedural prerequisites for the taking had been met by Plaintiff, that the taking was for a valid public purpose, and that an amount adequate for just compensation for the property and relocation expenses had been deposited with the Clerk of the Trial Court. Plaintiff was vested with title in fee simple, and, among other procedural details, the Trial Court ordered that the Clerk issue a Clerk's Deed confirming vesting of fee simple title in Plaintiff. The Trial Court issued an order for writ of inquiry March 9, 1999, impaneling a jury of view to assess damages resulting from the taking by Plaintiff. On March 18, 1999, Plaintiff filed a motion for partial summary judgment as to the amount of Defendant's reasonable relocation expenses. The deposition testimony of Defendant's corporate representative, John R. Tipton ("Tipton Deposition"), along with supporting exhibits, was filed to establish as undisputed material fact that Defendant's recoverable relocation expenses totaled $816,203.00, and that Plaintiff was entitled to recoup $183,797.00 of the $1,000,000.00 deposited for such expenses with the Clerk of the Trial Court. On April 28, 1999, Defendant filed its response, claiming additional funds relating to the relocation for a total relocation expense of $1,597,631.00 to compensate it for ". . .'overhead' or 'burden rate' expenses that are a necessary cost of doing business," in addition to the actual costs incurred in relocating its business. Defendant asserted that relocation expenses were not appropriate for summary judgment, falling under the exclusive domain of the jury of view.

Following a hearing on May 3, 1999, the Trial Court entered an order granting Plaintiff's motion for summary judgment as to the relocation expenses due Defendant. The Trial Court found that the undisputed testimony in the Tipton Deposition along with the related exhibits established reasonable relocation expenses actually incurred by Defendant of $816,203.00, and specifically denied Defendant's additional demand for "burden rate" expenses. The order granted Plaintiff's requested recoupment of the balance of the $1,000,000.00 deposited with the Clerk of the Trial Court. After hearing evidence on August 17, 1999, the jury of view filed a report with the Trial Court finding just compensation for Defendant's property and improvements to be $3,925,000.00. An agreed final judgment was filed October 25, 1999, confirming the finding of the jury of view as to Defendant's compensation for the property and improvements, with both parties waiving appeal of the finding of the jury of view, and Plaintiff agreeing to pay an additional $391,203.00 plus prejudgment interest as final judgment. This amount reflects the $3,350,000.00 originally deposited by Plaintiff for the value of the property and improvements, plus the $1,000,000.00 deposited for

-2-

Defendant's relocation expenses, minus the $183,797.00 recoupment awarded Plaintiff by summary judgment, plus an additional $575,000.00 to meet the value of Defendant's property and improvements as found by the jury of view above the amount Plaintiff deposited with the Clerk of the Trial Court. In this order the Trial Court granted Defendant's appeal as to the entry of summary judgment on the issue of recoverable relocation expenses, but it is before this Court as a Tenn. R. App. P. Rule 3 appeal of right from final judgment.

### Discussion

Although not precisely as stated by the parties, the issues presented in this appeal are:

I. The availability of summary judgment in eminent domain condemnation proceedings;

II. The propriety of summary judgment in awarding incidental damages, particularly in determining whether certain manufacturing costs are recoverable relocation expenses in eminent domain condemnation proceedings as a question of law; and,

III. The impact of T.R.C.P. 71 on the availability of summary judgment in this eminent domain condemnation proceeding.

As these issues arise from the Trial Court's partial summary judgment, with the material facts underlying the judgment undisputed, our standard of review is *de novo*.

Our review of the trial court's grant of summary judgment is purely a question of law; accordingly, our review is *de novo*, and no presumption of correctness attaches to the lower courts' judgments. A summary judgment is appropriate only if the moving party shows that no genuine and material factual issue exists and that he or she is entitled to relief as a matter of law. In reviewing the record to determine whether summary judgment requirements have been met, we must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn.1993). A summary judgment may be proper, therefore, only "when there is no dispute over the evidence establishing the facts that control the application of a rule of law."Id. at 214-15; Tenn. R. Civ. P. 56.

*Eyring v. Fort Sanders Parkwest Medical Center*, 991 S.W.2d 230, 236 (Tenn. 1999).

In support of its contention that summary judgment is not appropriate in condemnation proceedings in general, Defendant argues that the exercise of the power of eminent domain derives from T.C.A. § 29-17-401 et seq., which establishes that compensation for such taking is determined under chapter 16 of that title. After discussing the statutory scheme concerning

-3-

juries of view, Defendant then sets forth an argument that under Chapter 16 of Title 29 of the Code, determination of compensation in eminent domain taking lies exclusively with the jury of view, rendering it inappropriate for summary judgment. In support of this argument Defendant cites T.C.A. § 29-16-114(a).

> In estimating the damages, the jury shall give the value of the land or rights taken without deduction, but incidental benefits which may result to the owner by reason of the proposed improvement may be taken into consideration in estimating the incidental damages. Whenever any person, agency, or other entity acquires interest in any parcel of real property and such acquisition requires the removal of furniture, household belongings, fixtures, equipment, machinery, or stock in trade of any person in rightful possession, regardless of whether such person has a legal interest in said property, the reasonable expense of the removal shall be considered in assessing incidental damages. The reasonable expense of the removal of such chattels shall be construed as including the cost of any necessary disconnection, dismantling, or disassembling, the loading, and drayage to another location not more than fifty (50) miles distant, and the reassembling, reconnecting, and installing on such new location.

Defendant argues that this statute "strongly suggests that the Tennessee General Assembly perceives the Jury of View to be a core procedural check on the exercise of the power of eminent domain." First, it is necessary to note that neither the power to condemn nor the finding of the jury of view as to the compensation for the property and improvements is on appeal. It is only the incidental damages for Defendant's relocation that is on appeal, and Defendant's argument is based upon construction of statutes.

> In the present case, we are concerned primarily with the construction of a statute and the application of the law to the facts, and it is well settled that we review such questions of law de novo with no presumption of correctness given the lower courts' judgments. We review questions of fact "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R.App. P. 13(d).

*Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628-629 (Tenn. 1999).

As Defendant's arguments turn on statutory application and interpretation, its argument that summary judgment is inappropriate in eminent domain condemnation proceedings is self-defeating. As noted above, these are questions of statutory construction, construction of statutes is a question of law, and questions of law are appropriate for summary judgment.

In addressing the second issue, Defendant correctly argues that T.C.A. § 29-17-404(a), which reads, "[t]he ultimate amount of compensation shall be determined pursuant to chapter 16 of this title," requires application of chapter 16 of that title to determine damages. However,

Defendant turns to T.C.A. § 29-16-113(a) to argue that the jury of view is solely responsible for assessing incidental damages. The statute reads, "[t]he jury will then proceed to examine the ground, and may hear testimony, but no argument of counsel, and set apart, by metes and bounds, a sufficient quantity of land for the purposes intended, and assess the damages occasioned to the owner thereby." The damages assessed are undisputed, and not on appeal. Defendant argues that this wording shows that the Legislature intended for the jury of view to assess incidental damages as well as compensation for the property and improvements, and that such assessment is solely a question of fact and not a question of law. This is incorrect.

The type of expenses comprising incidental damages properly recoverable in eminent domain proceedings falls under T.C.A. § 29-16-114(a) and is a question of law. *Shelby County v. Kingsway Greens of America, Inc.*, 706 S.W.2d 634, 638 (Tenn. Ct. App. 1985)(discussing incidental damages in a partial taking); *State ex rel. Com'r of Transp. v. Edmonds*, 614 S.W.2d 381, 382 (Tenn. Ct. App. 1981)(finding that relocation expenses must be actually incurred by the condemnee to be recoverable). The relocation expenses at issue were established by the undisputed testimony of the Tipton Deposition. The only question of material fact is the amount of incidental damages proved by Defendant, and, as found by the Trial Court, such amount as allowed by statute is undisputed. The Tipton Deposition testimony established that Defendant could prove the $816,203.00 in incidental damages awarded by summary judgment by the Trial Court, but that the remainder of the $1,597,631.00, the "burden rate" demanded by Defendant, is not based upon incidental damages recoverable under T.C.A. § 29-16-114(a). According to the undisputed Tipton Deposition testimony, the "burden rate" was the difference between the average hourly wage for the labor cost related to relocation actually incurred by Defendant and the much higher per labor-hour rate demanded by Defendant. This additional "burden rate" added to the per labor-hour included:

> . . . the cost of utilities, the cost of health insurance, the cost of retirement. Everything associated with an employee and a facility, that would be the cost. And, naturally, the less you're producing, the more that costs. Now, if you had an ongoing outfit that you were - instead of decreasing man-hours, that cost would be a lot less. But when you're going down and you're laying off people every week, that cost just continues to go up.

As noted above, T.C.A. § 29-16-114(a) allows as incidental damages the reasonable relocation expense for ". . . the cost of any necessary disconnection, dismantling, or disassembling, the loading, and drayage to another location not more than fifty (50) miles distant, and the reassembling, reconnecting, and installing on such new location." The additional items in this "burden rate" claimed by Defendant are not costs of necessary disconnection, dismantling, disassembling, loading, drayage, reassembling, reconnecting, or installing on the new location, and thus do not fall under any of the categories for incidental expense set forth in T.C.A. § 29-16-114(a). "The Supreme Court has previously stated the policy that '(i)t should be made affirmatively to appear that the property owner receives the full cost of removal or replacement, but no more than the full cost of removal or replacement.'" *State ex rel. Com'r of Transp. v. Edmonds*, 614 S.W.2d at 382 *quoting Memphis Housing Authority v. Memphis Steam Laundry-Cleaner, Inc.*, 463 S.W.2d 677, 680 (Tenn. 1971).

-5-

*See also*, *State ex rel. Dept. of Transp. v. Cooper*, App. No. 89-200-II, 1989 WL 130598, 3 (Tenn. Ct. App., MS, Nov. 3, 1989)(no Perm. App. filed)("As is the case of other losses caused to a business by reason of the condemnation of the land on which it is conducted, the profits of which the owner was deprived by reason of the necessary interruption of such business by the condemnation is, under the prevailing rule, excluded from consideration in determining damages to which the owner is entitled").  We hold, as a matter of law, that the "burden rate" claimed by Defendant is not recoverable as incidental expense in this condemnation proceeding, and find no error on the part of the Trial Court in denying such claim by summary judgment.

Defendant's last issue concerns an argument that Tenn. R. Civ. P. 71 precludes the use of summary judgment in condemnation proceedings.  The rule reads:

> The procedure for the condemnation of both real and personal property under the power of eminent domain shall be in accordance with the statutes of this state.  Furthermore, to the extent that they are not in conflict with or do not contradict or contravene the provisions of said statutes, these Rules, where applicable, shall be followed.

Defendant relies upon its argument that T.C.A. § 29-16-113 gives the jury of view the sole authority to determine incidental damages to try to create a conflict under Tenn. R. Civ. P. 71 between T.C.A. § 29-16-113 and summary judgment under Tenn. R. Civ. P. 56.  As previously discussed, the judgment of the Trial Court as to Defendant's right to recover its "burden rate" as incidental expenses is in accord with T.C.A. § 29-16-114(a) as a matter of law, establishing neither contradiction nor contravention when the proper statutes are applied.  As Tenn.R.Civ.P.56 does not conflict with or contradict the controlling statutes, it was not error for the Trial Court to apply it.  Defendant's argument is without merit.

## Conclusion

The judgment of the Circuit Court of Davidson County is affirmed, and this cause remanded for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below.  Costs of this appeal are assessed to the Appellant, Trinity Marine Nashville, Inc.

_____
D. MICHAEL SWINEY, JUDGE

-6-