IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 19, 2004 Session

## MIKE WILSON, d/b/a M & M AUTO SALES v. SHANE CHAPMAN

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-00-1249-2     The Honorable Arnold Goldin, Chancellor**

_____

**No. W2003-02130-COA-R3-CV - Filed July 8, 2004**

_____

This case involves a question of whether a plaintiff who brings suit for a debt due him resulting from his agent's business activities has standing as a real party in interest. The trial court found that the agent was acting on behalf of his employer, that the plaintiff had standing to sue as a real party in interest, and granted judgment in favor of the plaintiff. Defendant appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Edward Witt Chandler of Mountain Home, Arkansas, For Appellant, Shane Chapman

Roger A. Stone of Memphis For Appellee, Mike Wilson, d/b/a M & M Auto Sales

### OPINION

On June 27, 2000, a complaint was filed styled "Mike Wilson d/b/a M & M Auto Sales, for the use and benefit of Curt Young, plaintiff, versus Jerry Chapman, Individually and d/b/a Memphis Motor Sports, defendants." The complaint alleges, essentially, that plaintiff is a licensed automobile dealership and plaintiff sold and delivered to defendant certain vehicles for the total purchase price of $63,600.00 for which he has not been paid. The complaint seeks judgment against the defendant for the amount due, plus prejudgment interest. The defendant, Jerry Chapman, filed an answer to the complaint on September 21, 2000, denying the material allegations of the complaint, averring that the "true part-in-interest is not before the court." By order entered March 26, 2001, the trial court granted plaintiff's motion to amend the complaint to add Shane Chapman, individually and doing business as Brooks Road Auto Mart and Memphis Auto World as an additional party. On March 23, 2001, plaintiff filed an amended complaint for a breach of contract naming Jerry

Chapman, individually, and Shane Chapman, individually, and d/b/a Brooks Road Auto Mart and Memphis Auto World. The amended complaint states in relevant part:

> Comes now the plaintiff and sues the defendant, Shane Chapman, individually, and doing business as Brooks Road Auto Mart and Memphis Auto World, for breach of contract for the sum of $63,600.00 past due and owing, prejudgment interest, and costs stating as follows:
>
> 1. Plaintiff incorporates by reference all matters contained in the original Complaint for Breach of Contract, a copy of same being attached hereto.
>
> 2. That defendant, Shane Chapman, on information and belief, is the owner and holder of an automobile dealership license from the state of Tennessee originally in the name of Brooks Road Auto Mart located at 1829 Brooks Road and now doing business as Brooks Road Auto Mart and Memphis Auto World at 1635 Winchester, Memphis, Tennessee. That all the acts which give rise to the complaint occurred in Shelby County, Tennessee.
>
> 3. On information and belief, plaintiff avers that defendant's father and agent, servant or employee, Jerry Chapman, representing himself to have authority to do so, purchased 22 vehicles between January 1, 2000 and June 27, 2000, for a total purchase price of $63,600.00. Plaintiff holds the certificate of title to each of the vehicles awaiting payment of the purchase price agreed to for each vehicle purchased.
>
> 4. Plaintiff avers that most of the 22 vehicles have been sold to various customers who are operating the vehicles without having titled same. Defendant, Shane Chapman, individually and dba Brooks Road Auto Mart and/or Memphis Auto World received payment from retail customers but have not paid plaintiff.
>
> 5. Plaintiff avers that Jerry Chapman, father of Shane Chapman, had the apparent authority and that the purchases of the 22 vehicles from the plaintiff have now been ratified by virtue of the vehicles having been sold to third parties without payment being remitted to the plaintiff.
>
> WHEREFORE, PREMISES CONSIDERED, plaintiff prays:
>
> 1. That service of process issue upon the defendant, Shane Chapman, and he be required to answer but his oath to the answer waive.

2. That at the hearing of the cause the Court determine that the defendant, Shane Chapman, has failed to pay the plaintiff the sum of $63,600.00 for the 22 vehicles purchased.

3. That the Court grant prejudgment interest.

4. For such other, further, different and general relief to which plaintiff may be entitled.

On May 16, 2001, Shane Chapman filed his answer to the amended complaint, denying the material allegations thereof and adopting by reference the affirmative defenses asserted in the original answer filed by Jerry Chapman in which he averred that "the true party in interest is not before the court in this matter" and that "the named plaintiff does not have the capacity to represent the represent the true plaintiff."

A non-jury trial was held on January 22, 2003[1], and the parties stipulated that at all relevant times Jerry Chapman was acting as the agent for Shane Chapman and that Curt Young was acting as the agent for Mike Wilson. The record further reflects that at the beginning of the trial, counsel for Shane Chapman advised the court that the case involved only one issue:

> "Our position is we don't owe [Mr. Wilson] anything he breached the contract and didn't produce what are called good - good titles. That will be issue in this lawsuit, as to who breached the contract and whether the money is owed or not."

Notwithstanding his earlier statement to the court, at the conclusion of the Plaintiff's evidence, counsel for Shane Chapman moved for a dismissal based on failure to prosecute in the name of the real party in interest, to wit:

> MR. CHANDLER (attorney for Shane Chapman): Your Honor, I move for a judgment in favor of the Defendant on the grounds the proof shows that be bought these cars in the name of M & M Auto Sales and that he sold these cars in the name of M & M Auto Sales. He does not own M & M Auto Sales. He has no ownership interest in it. He is an agent of this company.
>
> There is no showing that he had any authority to even file a lawsuit. He doesn't claim to have any authority to file a lawsuit.
>
> He filed the lawsuit Mike Wilson doing business as M & M Auto Sales, for the use and benefit of Curt Young.

---

[1] Plaintiff took a voluntary nonsuit as to defendant, Jerry Chapman, at this hearing.

Well, for the use and benefit is trustee language. There's no showing of any trust. There's no showing of any – there's no showing of any authority for him to even file this lawsuit. So I'm entitled to judgment.

If Your Honor gave judgment in this case, you would have to give the judgment to Mike Wilson because, as we all know, M & M Auto Sales doesn't – doesn't legally exist. It has to be in the name of the individual, Mike Wilson.

Well, Mike Wilson is not here. Mike Wilson has not testified, and he has not shown any evidence that he had authority to even file this lawsuit.

What he has told you is that he was acting as an agent for M & M Auto Sales, owned by Mike Wilson, and that he bought these cars and that he sold them to Jerry Chapman as an agent for M & M Auto Sales.

Well, now, if Jerry has not paid for them and he owes them, who does he owe, the agent or the principal?

Our contention is if he owes anybody anything it's Mike Wilson.

MR. STONE (attorney for Mike Wilson): I don't have any objection to that. I agree. Mike Wilson, M & M Auto Sales. Whether the Court wants to accept for the use and benefit of Curt Young is up to the Court. But the Plaintiff is Mike Wilson d/b/a M & M Auto Sales. We made a prima facie case.

THE COURT: Mr. – Mr. Young has – has testified that he was the agent for M & M Auto Sales, and he's a disclosed agent. In other words, everything that he signed evidences that he was an agent. On each of these titles – titles that I've looked at he signed Curt Young, agent.

As a disclosed agent I think he does have the authority to proceed and act in the name of M & M Auto Sales. Based on his – based on his testimony and the fact that he's disclosed his agency, I don't see – I don't see that that's a problem, and the motion is denied.

-4-

The defense then put on Jerry Chapman, who testified that M & M Auto Sales sold 22 cars to him and that he refused to pay the $63,000.00 for those cars:

> Q. Now, did there come a time when you refused to pay the $63,000.00 for the 22 cars?
>
> A. Yes, I did.

Basically, the record reflects that the majority of the trial was a defense based on allegedly defective certificates of title of some of the automobiles in question. The trial court found that the plaintiff had complied with the contract, and the evidence in the record does not preponderate against that finding.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d). As to the trial court's decision on questions of law, our review is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); *Waldron v. Delffs*, 988 S.W.2d 182,

On January 30, 2003 the trial court entered "Judgment for Plaintiff Against Shane Chapman, Individually, and d/b/a Brooks Road Auto Mart and Memphis Auto World, and Voluntary Nonsuit Against Jerry Chapman," assessing the damages sought, plus pre-judgment interest. Shane Chapman appeals from this judgment and raises one issue, as stated in his brief:

> Whether as a matter of law judgment should be for the defendants because the plaintiff was a trust and the proof clearly shows the indebtedness for breach of contract was to "Mike Wilson" d/b/a M & M Auto Sales?

Rule 17.01 of the Tennessee Rules of Civil Procedure governs real parties in interest and provides as follows:

> Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, bailee, trustee of an express trust, a party to whose rights another is subrogated, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his or her own name without joining the party for whose benefit the action is brought; and when a statute so provides an action for the use and benefit of another shall be brought in the name of this State. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been

allowed after objection for ratification or commencement by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Shane Chapman contends that the judgment in favor of Mike Wilson d/b/a M&M Auto Sales is invalid because Mike Wilson was not a party to the lawsuit. Shane Chapman asserts that the plaintiff is an alleged trust beneficiary, "Curt Young." Specifically, Shane Chapman contends that the words "for the use and benefit of Curt Young," as used in the heading of the Amended Complaint, constitute trust language. We disagree. We find that the real party in interest is Mike Wilson d/b/a M&M Auto Sales and that he was properly named as a party to the lawsuit. The complaint shows on its face that the plaintiff is a resident citizen of the State of Arkansas and a licensed dealership and that Curt Young is his licensed salesman. The agreement between the parties was made by plaintiff, Mike Wilson, on the one hand through his licensed salesman and the defendant on the other hand. The real party in interest is Mike Wilson. The trial court found, and the evidence does not preponderate against the finding, that everything that Curt Young did was done as an agent for Mike Wilson.

Accordingly, the judgment for plaintiff is affirmed. The case is remanded to the trial court for a determination of the prejudgment interest and total money judgment for plaintiff. Costs of the appeal are assessed to the appellant, Shane Chapman, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.