IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 11, 2005 Session

**M&M AUTO SALES**

**v.**

**OLD REPUBLIC SURETY COMPANY**

**v.**

**BROOKS ROAD AUTO MART, LLC; BROOKS ROAD AUTO MART LLC**
**D/B/A MEMPHIS AUTO WORLD; SHANE CHAPMAN, INDIVIDUALLY AND**
**D/B/A MEMPHIS AUTO WORLD**

**An Appeal from the Circuit Court for Shelby County**
**No. CT-006848      D'Army Bailey, Judge**

**No. W2005-00656-COA-R3-CV - Filed December 29, 2005**

This is an action to recover on a surety bond. The plaintiff automobile wholesaler sold vehicles to the third-party defendant automobile retailer. The retailer gave the wholesaler the certificates of title for the vehicles as security, pending the retailer's payment in full for the vehicles. Subsequently, the retailer sold the vehicles to third parties, but did not pay the wholesaler. The wholesaler, therefore, retained the certificates of title. Consequently, the retailer was unable to transfer the certificates of title to the third-party purchasers when they bought the vehicles. Later, in a separate lawsuit, the wholesaler obtained a judgment against the retailer for breach of contract. The wholesaler then filed the instant lawsuit against the defendant surety company on the retailer's automobile dealership surety bond, claiming that it was damaged by the retailer's failure to transfer the certificates of title to the purchasers of the vehicles. The surety company filed a third-party complaint against the retailer, asserting that the retailer was required to indemnify the surety company for its attorney's fees expended in defending the underlying lawsuit. The surety company filed a motion for summary judgment. The trial court granted summary judgment in favor of the surety company against both the wholesaler and the retailer. The wholesaler and the retailer now appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Roger A. Stone, Memphis, Tennessee, for the appellant, M&M Auto Sales.

Edward Witt Chandler, Mountain Home, Arkansas, for the appellant, Shane Chapman.

John D. Willet, Memphis, Tennessee, for the appellee, Old Republic Surety Company.

**OPINION**

Plaintiff/Appellant M&M Auto Sales ("M&M Auto") is in the business of wholesale automobile sales. Third-Party Defendant/Appellant Shane Chapman ("Chapman") owns Brooks Road Auto Mart and/or Memphis Auto World, a used car dealership. Chapman purchased a $25,000 automobile dealer's surety bond from Defendant/Third-Party Plaintiff/Appellee Old Republic Surety Company ("Old Republic"), which was in effect at all pertinent times in this lawsuit. Chapman is required to have such a bond to maintain his used car dealership license for his dealership, pursuant to Tennessee Code Annotated § 55-17-111.

M&M Auto sold approximately twenty-two (22) vehicles to Chapman, d/b/a Brooks Auto Mart and/or Memphis Auto World. As security pending payment in full from Chapman, M&M Auto retained possession of the vehicles' certificates of title. Chapman sold most of the vehicles purchased from M&M Auto to third-party retail customers. The value of all the vehicles sold to third parties by Chapman exceeded $25,000, the amount of Chapman's surety bond. Because Chapman did not in turn pay M&M Auto for those vehicles, the certificates of title were not transferred to the retail purchasers of the vehicles when they bought the automobiles. The total amount due and owing from Chapman to M&M Auto for the vehicles purchased by Chapman, without interest or attorney's fees, is $63,600. None of the retail purchasers who purchased those vehicles from Chapman has made any claim or instituted any action against M&M Auto as a result of Chapman's failure to deliver the certificates of title to the individual retail purchasers.

In a separate lawsuit, not the subject of this appeal, M&M Auto sued Chapman for breach of contract. M&M Auto obtained a judgment against Chapman for $63,600.00.[1]

On September 10, 2003, M&M Auto initiated the present lawsuit in Shelby County General Sessions Court against Old Republic for $25,000, plus interest and attorney's fees, under Chapman's automobile dealership surety bond. M&M Auto alleged that it was damaged because Chapman did not provide certificates of title to the retail customers to whom he sold the vehicles that he purchased from M&M Auto. On November 14, 2003, Old Republic filed a motion to dismiss for failure to state a claim upon which relief could be granted. The general sessions court granted Old Republic's motion to dismiss, and M&M Auto appealed to the circuit court below.

On January 6, 2004, Old Republic filed a third-party complaint against Chapman, individually and d/b/a Memphis Auto World, Brooks Road Auto Mart, LLC, and Brooks Road Auto

---

[1]*See Wilson v. Chapman*, 164 S.W.3d 580 (Tenn. Ct. App. 2004).

Mart d/b/a Memphis Auto World ("the Chapman Defendants"). In its third-party complaint, Old Republic sought recovery under an indemnification agreement signed by Chapman for any and all damages resulting from having issued the bond to Chapman, including attorney's fees. Old Republic thereafter filed a motion for summary judgment against the Chapman defendants, attaching a supporting affidavit by Kim Hansen ("Hansen"), a representative of Old Republic. In her affidavit, Hansen stated that Old Republic had incurred $5,999.08 in attorney's fees in defending the underlying lawsuit and asserted that Old Republic was entitled to recover those fees as well as the amount of any judgment obtained by M&M Auto in the lawsuit. M&M Auto and Old Republic then filed cross-motions for summary judgment. In conjunction with their motions for summary judgment, M&M Auto and Old Republic filed a joint stipulation of facts, stipulating to the facts described above. Counsel for Chapman requested a continuance to file a response to Old Republic's motion for summary judgment, but that request was denied.[2] Thus, Chapman did not file a response to Old Republic's motion for summary judgment.

On February 23, 2004, the motions for summary judgment were heard by the trial court. On March 2, 2005, the trial court entered an order granting summary judgment in favor of Old Republic as to the claims asserted against it by M&M Auto, finding that the bond issued by Old Republic on behalf of Chapman "does not afford recovery to a wholesaler such as the Plaintiff . . . that has supplied vehicles to a retail dealer, has retained the titles as security for payment for the vehicles, but has not been paid by the retail dealer for the vehicles supplied." In addition, the trial court granted summary judgment to Old Republic on its third-party claim for indemnification against the Chapman defendants for attorney's fees incurred in the amount of $5,999.08. From that order, M&M Auto and Chapman now appeal.

On appeal, M&M Auto argues that the language in Tennessee Code Annotated § 55-17-111 is broad enough to allow recovery under Chapman's automobile dealership surety bond for a party other than a retail purchaser from an automobile dealership. M&M Auto argues that it suffered a loss because of Chapman's failure to deliver certificates of title to the retail purchasers of the vehicles in question. As a result, M&M Auto asserts, it should be entitled to recover under the bond.

Chapman argues on appeal that the trial court erred in allowing Old Republic to recover attorney's fees in this case. Chapman claims first that, because M&M Auto was not successful in its lawsuit, then consequently Old Republic is not entitled to indemnification under the indemnity agreement in the bond. Chapman further contends that Old Republic would be entitled to attorney's fees only in a suit against the purchasers of vehicles, not third parties like M&M Auto who are not entitled recover under the bond.

The trial court's grant or denial of summary judgment is reviewed *de novo*, with no presumption of correctness in the trial court's conclusions. **Bain v. Wells**, 936 S.W.2d 618, 622

---

[2]Chapman claims that his attorney appeared on his behalf "at the last minute" and was denied the opportunity to file a response to Old Republic's motion for summary judgment. The propriety of the trial court's decision to deny Chapman a continuance is not at issue in this appeal.

(Tenn. 1997). The facts in this case are undisputed, and this appeal involves only issues of statutory and contract interpretation, which are also reviewed *de novo*, with no presumption of correctness. ***Metro. Dev. & Hous. Agency v. Trinity Marine Nashville, Inc.***, 40 S.W.3d 73, 75 (Tenn. Ct. App. 2000). Statutes must be construed to give effect to their plain and ordinary meaning. ***Perrin v. Gaylord Entm't Co.***, 120 S.W.3d 823, 826 (Tenn. 2003). Similarly, the terms of a written contract must also be construed according to the plain meaning of the terms in the contract. ***94th Aero Squadron of Memphis, Inc. v. Memphis-Shelby County Airport Auth.***, 169 S.W.3d 627, 634 (Tenn. Ct. App. 2004); ***Osbourne v. Metro. Life Ins. Co.***, 130 S.W.3d 769, 773 (Tenn. 2004).

M&M Auto argues that it is entitled to recover under Chapman's surety bond based on the language in Tennessee Code Annotated Section 55-17-111(g)(1) & (2). That statute provides:

> (g)(1) Each application for a license or renewal of a license of a motor vehicle dealer shall be accompanied by evidence satisfactory to such commission that such dealer has a surety bond in the amount of twenty-five thousand dollars ($25,000) in force.
> (2)(A) The bond is for the benefit of any person who suffers loss because of either:
>> (i) Nonpayment by the dealer of a retail customer's prepaid title, registration or other related fees or taxes; or
>> (ii) The dealer's failure to deliver in conjunction with the sale of a vehicle a valid vehicle title certificate free and clear of any prior owner's interests and all liens except a lien created by or expressly assumed in writing by the buyer of the vehicle.

T.C.A. § 55-17-111(g) (2004). Under this statute, a $25,000 bond must be obtained by a dealer "for the benefit of any person who suffers a loss ***because of***" the dealer's failure to deliver a certificate of title to a retail purchaser. ***Id.*** (emphasis added).

M&M Auto argues that it is permitted to seek recovery under the bond, pursuant to the statute, because it was damaged by Chapman's failure to deliver certificates of title to the retail purchasers of the vehicles in question. M&M Auto argues that, had the vehicles not been sold without the certificates of title, then M&M Auto would have been able to repossess the vehicles from Chapman in order to satisfy the debt. It contends that the statute must be read to allow recovery by persons other than retail purchasers, because it could conceivably apply to situations in which third parties are damaged by the dealership's failure to deliver a certificate of title to retail purchasers.

In this case, the undisputed facts show that M&M Auto was not damaged "because of" Chapman's failure to deliver certificates of title to the retail purchasers of the vehicles. Rather, as noted by Old Republic, M&M Auto's damages were caused by Chapman's breach of contract. This damage to M&M Auto would be the same regardless of whether the certificates of title were given to the retail purchasers upon their purchase of the vehicles. It is undisputed that none of the retail purchasers have filed any claims related to Chapman's failure to deliver the certificate of title with

-4-

the vehicle. Under these circumstances, we must conclude that the statute does not permit recovery by M&M Auto, and the trial court did not err in granting summary judgment to Old Republic on the claim of M&M Auto.[3]

Chapman argues on appeal that the trial court erred in granting summary judgment to Old Republic and in awarding it $5,999.08 in attorney's fees under the indemnity agreement. The indemnity agreement provides in pertinent part:

> . . . Should [Old Republic] execute said bond(s), the undersigned agree as follows: . . . (2) To indemnify [Old Republic] and hold it harmless against all loss, liability, costs, claim damages, expense, ***including, but not limited to, attorney's fees***, investigative costs, etc. which may incur by reason of [Old Republic] writing said bond(s) or for the enforcement of this agreement.

(Emphasis added.) Thus, the agreement states that Chapman agrees to indemnify Old Republic for all loss, including attorney's fees, "which may incur by reason of [Old Republic] writing said bond(s)."

Chapman argues that, under the facts in this case, Old Republic is not entitled to recover its attorney's fees pursuant to the indemnity agreement. Chapman does not contest the judgment in favor of Old Republic against M&M Auto, because he agrees that M&M Auto had no rights under the bond.[4] He contends that the indemnification agreement is not applicable here, where the underlying lawsuit is brought by a third-party wholesaler rather than a retail purchaser of a vehicle. Chapman asserts that M&M Auto's lawsuit is "absurd, frivolous, and groundless," and that the indemnification agreement applies only to fees incurred in a suit by purchasers, not to suits brought by "<u>bogus</u> third parties." (Emphasis in original). Chapman claims that Old Republic should have sought recovery for fees against M&M Auto under Rule 11 of the Tennessee Rules of Civil Procedure for filing a frivolous lawsuit, rather than seeking recovery against Chapman under the indemnity agreement. Chapman concedes that he did not respond to Old Republic's motion for summary judgment. He claims, however, that his argument is not precluded because it is based on the language of the indemnity agreement, the record, and the applicable law.

The indemnity agreement in this case requires Chapman to indemnify Old Republic against "all loss, liability, costs, claim damages, expense including, but not limited to, attorney's fees, investigative costs, etc. which [Old Republic] may incur by reason of [Old Republic] writing said bond." This language is quite broad, in that it covers "all loss" incurred "by reason of" the writing of the bond. The agreement contains no exclusion for so-called "bogus" claims, nor is there any

---

[3]Under the facts of this case, we need not address whether the statute allows recovery only for retail purchasers.

[4]Chapman notes that M&M Auto is not a person, corporation, or partnership. Therefore, he claims, a motion to dismiss should have been filed based on the fact that "M&M Auto Sales" is a fictitious name "with no meaning in law." This issue, however, was not raised in the trial court below, so we decline to address it on appeal.

indication that it is intended to apply only to claims on the bond brought by retail purchasers. Therefore, based on the broad language in the indemnity agreement, we must conclude that the trial court did not err in holding that Old Republic is entitled to summary judgment against Chapman for indemnification of its attorney's fees expended in defending the lawsuit against M&M Auto.

The decision of the trial court is affirmed. Costs on appeal are to be taxed equally to Appellant M&M Auto Sales and Appellant Shane Chapman, and their sureties, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE